IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL DELAWARE, INC., MARCHBANKS TRUCK SERVICE, INC. d/b/a BEAR MOUNTAIN TRAVEL STOP, MAHWAH FUEL STOP, KRACHEY'S BP SOUTH, WALT WHITMAN TRUCK STOP, INC., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COMDATA CORPORATION, <br><br> Defendant. | Civil Action No. 07-1078-JKG-HSP <br><br> Consolidated Case |

## PLAINTIFF UNIVERSAL DELAWARE'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST COMDATA CORPORATION WITH PREJUDICE

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiff Universal Delaware, Inc., one of five named plaintiffs in this proposed class action, seeks to voluntarily dismiss its claims against defendant Comdata Corporation with prejudice. In support of this motion, Universal Delaware, Inc. incorporates by reference its accompanying memorandum of law.

Dated: October 15, 2009

Respectfully Submitted,

/s/
Eric L. Cramer
Andrew C. Curley
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

Fax: (215) 875-4604

Joseph R. Saveri
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery St., Suite 3000
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008


Stephen R. Neuwirth
**QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Universal Delaware, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL DELAWARE, INC., MARCHBANKS TRUCK SERVICE, INC. d/b/a BEAR MOUNTAIN TRAVEL STOP, MAHWAH FUEL STOP, KRACHEY'S BP SOUTH, WALT WHITMAN TRUCK STOP, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMDATA CORPORATION,<br><br>Defendant. | Civil Action No. 07-1078-JKG-HSP<br><br>Consolidated Case |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF UNIVERSAL DELAWARE'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST COMDATA CORPORATION WITH PREJUDICE

Plaintiff Universal Delaware, Inc. ("Universal Delaware"), one of five named plaintiffs in this proposed class action, submits this memorandum of law in support of its motion to voluntarily dismiss its individual claims against Comdata Corporation ("Comdata") with prejudice.

**I.     Background**

On May 1, 2007, the five named plaintiffs in the above-captioned matter, including Universal Delaware, filed a consolidated amended complaint against Comdata asserting claims under Sections 1 and 2 of the Sherman Act. [Dkt. No. 13]. Since that time, Universal Delaware has participated in discovery by making a voluminous amount of documents available to Comdata and producing a Rule 30(b)(6) witness for a deposition. The four other named plaintiffs, Marchbanks Truck Service, Inc. d/b/a Bear Mountain Travel Stop, Mahwah Fuel Stop,

Krachey's BP South, and Walt Whitman Truck Stop, Inc., have similarly produced documents to Comdata and have each provided Rule 30(b)(6) witnesses for deposition.

On July 17, 2009, the plaintiffs filed a motion for class certification, along with a supporting memorandum of law and expert declaration of Dr. Jeffery J. Leitzinger. Dkt. Nos. 161-63. Class certification related briefing will be completed by December 18, 2009, pursuant to the amended scheduling order issued by this Court on May 20, 2009. Dkt. No. 149.

For reasons wholly unrelated to plaintiffs' claims in this case, Universal Delaware has determined that it is no longer in a position to remain a plaintiff in this litigation. Universal Delaware is part of a corporate family that includes Universal Marketing, Inc., which is currently in bankruptcy. That bankruptcy has demanded the focus of Dan Batra, Universal Delaware's president, and other key Universal Delaware personnel. That singular focus is precluding Universal Delaware from devoting any further time or resources to the prosecution of this case. Accordingly, Universal Delaware has decided to dismiss its claims against Comdata. Such dismissal would in no way affect the claims of the remaining four named plaintiffs or the proceedings of the class action or class certification motion. Aware that a dismissal without prejudice would likely be met with opposition from Comdata, Universal Delaware has decided to seek dismissal of its claims with prejudice, thus forfeiting its right to share in any award or settlement in this litigation.

**II.   Argument**

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the court order states otherwise, a dismissal under Rule 41(a)(2) is *without prejudice*. *Id.* (emphasis added). Here, in

order to avoid a dispute, Universal Delaware is seeking the dismissal of its claims against Comdata *with prejudice*.

The determination as to whether a motion for voluntary dismissal should be granted lies within the sound discretion of the Court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974). However, "dismissals *without prejudice* generally should be granted by the district court if no prejudicial effects would result for the opposing party." *Forest Service Employees for Environmental Ethics v. PA Oil and Gas Assoc.*, No. 08-323, 2009 U.S. Dist. LEXIS 40055, at *8 (W.D. Pa. May 12, 2009) (quoting 9 Wright & Miller § 2364 (2009)) (emphasis added). Indeed, in the Third Circuit, dismissal "should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863; *Forest Service Employees*, 2009 U.S. Dist. LEXIS 40055, at *8 (quoting 9 Wright & Miller § 2364 n.42).

There is no prejudice to Comdata associated with dismissal of Universal Delaware's claims against Comdata, as such dismissal will be *with prejudice* and it will in no way affect the remaining cases or class action generally.

Universal Delaware is one of five proposed class action plaintiffs here. As such, granting Universal Delaware's motion to dismiss its claims against Comdata will not materially alter this litigation. There are still four named plaintiffs in this suit, each of which is, by itself, an adequate class representative. *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification at 25-26 [Dkt No.162]. The removal of Universal Delaware will in no way impact certification of plaintiffs' proposed class, Comdata's ability to oppose class certification, or either party's ability to present their cases moving forward.

When the dismissal sought is with prejudice, the Court should be even more wiling to grant the dismissal, as there is no threat of a second lawsuit. *See Horizon Unlimited, Inc. v. Silva*, No. 97-7430, 1999 U.S. Dist. LEXIS 13320, at *4 (E.D. Pa. August 31, 1999). Granting such a dismissal will, of course, result in a final adjudication of Universal Delaware's claims against Comdata without any prejudice being suffered by Comdata. *Id.*

When considering the propriety of dismissing a claim with prejudice (as opposed to without prejudice) the Court should look to the following factors: "1) whether motions for summary judgment have been filed; 2) the extent of defendant's efforts and expenses in preparing for trial; 3) excessive expenses in defending a second action; and 4) an insufficient explanation for dismissal by plaintiff." *Horizontal Unlimited*, 1999 U.S. Dist. LEXIS 13320, at *5 (citing *Ellis v. Merrill Lynch & Co.*, 1989 U.S. Dist. LEXIS 14720, 1989 WL 149757, *4 (E.D. Pa. Dec. 6, 1989)); *see also Integrated Service Solutions, inc. v. Rodman*, No. 07-3591, 2009 U.S. Dist. LEXIS 36182, at *37 (E.D. Pa. April 29, 2009). Of course, those factors are typically examined in the context of a plaintiff seeking dismissal without prejudice, which is not the case here.

Although most of the factors above arguably weigh in favor of dismissal of Universal Delaware's claims against Comdata without prejudice, Universal Delaware is seeking dismissal with prejudice. For that reason, all of the factors above unquestionably weigh in favor of granting Universal Delaware's motion. First, motions for summary judgment have not yet been filed. Regardless any such motion by Comdata would relate to claims of the class as a whole, not Universal Delaware individually. Second, Comdata has not incurred any significant expenses relating solely to Universal Delaware, and to the extent there were such expenses, they were in pursuit of discovery that Comdata said it needed to oppose the class action more

4

generally. Indeed, any trial expenses incurred by Comdata to date would have been incurred whether or not Universal Delaware was a named plaintiff in this litigation. Comdata thus cannot legitimately claim any significant Universal Delaware specific trial preparation. Third, there will be no excessive expenses in defending a second action by Universal Delaware, as Universal Delaware is seeking dismissal with prejudice. Fourth, Universal Delaware has provided an explanation for its request to withdraw: the operations of related entities have demanded the focus of Dan Batra, Universal Delaware's president, so as to preclude Universal Delaware from devoting time and resources to this litigation.

### III.  Conclusion

For the reasons set forth above, Universal Delaware requests that this Court grant its motion and dismiss its claims against Comdata with prejudice.

Dated: October 15, 2009                         Respectfully Submitted,

/s/
Eric L. Cramer
Andrew C. Curley
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Joseph R. Saveri
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery St., Suite 3000
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

Stephen R. Neuwirth
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Universal Delaware, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2009, a true and correct copy of the foregoing Motion of Universal Delaware to Dismiss its Claims against Comdata Corporation with prejudice and accompanying memorandum of law were served by Electronic Case Filing and first-class mail, on the following attorneys of record:

        J. Gordon Cooney, Jr., Esq.
        Mark P. Edwards, Esq.
        Thomas J. Lang, Esq.
        R. Brendan Fee, Esq.
        **MORGAN LEWIS & BOCKIUS LLP**
        1701 Market St.
        Philadelphia, PA 19103

        /s/
        Andrew C. Curley