```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| UNIVERSAL DELAWARE, INC., <br> MARCHBANKS TRUCK SERVICE, INC. d/b/a <br> BEAR MOUNTAIN TRAVEL STOP, <br> MAHWAH FUEL STOP, GERALD F. KRACHEY <br> d/b/a KRACHEY'S BP SOUTH, <br> WALT WHITMAN TRUCK STOP, INC., <br> on behalf of themselves and all <br> others similarly situated, <br>                    Plaintiffs, <br> <br>       v. <br> <br> COMDATA NETWORK, INC. d/b/a COMDATA <br> CORPORATION, CERIDIAN CORPORATION, <br> TRAVELCENTERS OF AMERICA LLC, <br> TA OPERATING LLC, TRAVELCENTERS OF <br> AMERICA HOLDING     COMPANY LLC, PETRO <br> STOPPING CENTERS, L.P., PILOT TRAVEL <br> CENTERS LLC, PILOT CORPORATION, and <br> LOVE'S TRAVEL STOPS & COUNTRY <br> STORES, INC., <br>                    Defendants. | CIVIL ACTION <br> NO. 07-1078 |

HENRY S. PERKIN
United States Magistrate Judge

## **MEMORANDUM**

Presently before this Court is the Motion of Plaintiff, Universal Delaware, Inc. ("Universal"), for Protective Order (Dkt. No. 171) filed October 15, 2009, and the Memorandum of Law in Opposition (Dkt. No. 174) by Defendant Comdata Network, Inc. ("Comdata"), filed under seal on October 29, 2009.[1]  For the reasons that follow, the Motion will be denied.

---

[1] The Opposition to the Motion was filed under seal and no Chambers copy was provided, therefore this Motion remained unaddressed until June 7, 2010, when Judge Gardner's Chambers inquired about its status and provided the sealed Response to the Motion.

## I. BACKGROUND.

The instant Motion for Protective Order was filed on October 15, 2009, the same day as Universal Delaware, Inc.'s "Motion to Dismiss, Voluntarily, Only Universal Delaware, Inc.'s Individual Claims Against Comdata Corporation, and Not Affecting the Claims of the Four Remaining Plaintiffs in this Case or the Class Motion" was filed. See Dkt. No. 170. The basis for Universal Delaware's voluntary dismissal motion is Universal Marketing, Inc.'s bankruptcy. Universal Marketing, Inc., is part of Universal Delaware's corporate family and Universal Delaware contends that the bankruptcy demands the focus of its President, Dan Batra, and other key Universal Delaware personnel precluding further prosecution of this case against Comdata. Mot. to Dismiss, p. 2. Comdata opposes Universal Delaware's voluntary dismissal motion on the grounds that it would suffer prejudice in its continuing defense of this litigation if Universal Delaware is dismissed without first producing Mr. Batra for deposition. Comdata has asked the Court, as a condition of Universal Delaware's requested dismissal, to require Mr. Batra's deposition.

Mr. Batra's deposition was noticed by Comdata on June 17, 2009, following a seven hour 30(b)(6) deposition of Jessie Singh, Universal's corporate secretary, on April 29, 2009. Comdata wishes to depose Mr. Batra regarding perceived gaps in

Mr. Singh's testimony including Mr. Batra's knowledge of the conspiracy alleged by plaintiffs between Comdata and the Major Chains through which the Major Chains boycotted a rival Fleet Card (the TCH Card) and agreed not to come out with their own Fleet Cards, in exchange for Comdata agreeing to charge the Major Chains lower flat fees and the independent truck stops higher percentage fees. This *quid pro quo* forms one part of the conduct Plaintiffs are challenging in this case. Universal Delaware contends that Mr. Singh's testimony indicated that Mr. Batra's knowledge is limited to what he learned from counsel. To alleviate Comdata's concerns regarding Mr. Batra, Universal Delaware's counsel agreed not to call Mr. Batra or any other Universal Delaware employee or executive as a witness at trial in this matter.

**II. STANDARD OF REVIEW.**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). "It is well established that the party wishing to obtain a protective order bears the burden of demonstrating that 'good cause' exists for the order." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 175 (E.D. Pa. 2004)(quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). In addition to bearing the burden

3

to show good cause, the party moving for a protective order must demonstrate such cause with specificity "beyond bald assertions of harm for each specific request that it wants protection from." Id. at 196.

### III. **DISCUSSION**.

Universal Delaware seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) to protect a person from annoyance, embarrassment, oppression or undue burden or expense. According to Universal Delaware, the deposition serves no other purpose than to annoy, embarrass and harass Mr. Batra and Universal Delaware, it is unduly burdensome given Universal Delaware's status as a withdrawing plaintiff, and it is not relevant because Mr. Batra has limited knowledge of the workings of the Gap Truck Stop, and has no personal knowledge of the alleged *quid pro quo* agreement. Moreover, given Mr. Batra's business schedule and the bankruptcy of his other business, Universal Delaware contends that there is a significant burden associated with Mr. Batra's sitting for this deposition.

Comdata opposes this Motion for three reasons: (1) Universal Delaware's pending motion for voluntary dismissal does not make a protective order proper; (2) Universal Delaware's assertion that Mr. Batra has no relevant knowledge is belied by Mr. Singh's testimony that Mr. Batra claims to have knowledge of the alleged *quid pro quo* agreement between Comdata and its Major

4

Chain truck stop customers, and even if the motion for voluntary dismissal is granted, Comdata must still defend against other plaintiffs, thus Mr. Batra's knowledge remains relevant and discoverable; and (3) Universal Delaware has not identified any specific harm or burden it will endure if Mr. Batra is deposed, which is a prerequisite to entry of a protective order under Rule 26(c)(1)(A).

This Motion for Protective Order seeks to prevent Comdata's deposition of Mr. Batra due, in part, to Universal Delaware's pending motion for leave to withdraw as a plaintiff with prejudice. See Dkt. No. 170. To date, Universal Delaware remains a plaintiff in this litigation, and it joined in Plaintiffs' Second Consolidated Amended Complaint, which was filed on March 31, 2010. See Dkt. No. 205. Despite Universal Delaware's pending motion for voluntary dismissal, it is still a party to this action, and therefore remains subject to discovery requests.[2]

Pursuant to Federal Rule of Civil Procedure 26(c)(1), this Court must also examine whether Universal Delaware's assertion that Mr. Batra's business schedule and the bankruptcy

---

[2] Comdata notes that this Court rejected a similar argument by Plaintiffs in April of 2009 when Comdata filed a motion to compel against then-named plaintiff Nu-Way Cooperative ("Nu-Way") to respond to outstanding written discovery. Nu-Way opposed the motion on the grounds that it had filed a motion pursuant to Federal Rule of Civil Procedure 41 for voluntary dismissal of its claims. Because the Court had not decided Nu-Way's motion and Nu-Way was still a party in this action, this Court granted Comdata's motion to compel. See Dkt. No. 129.

of his other business should preclude his deposition as unduly burdensome establishes good cause to support a protective order precluding his deposition. As Comdata correctly contends, no deposition is particularly convenient and in many cases, distracts witnesses from their business schedules and other pressing matters. Universal Delaware initiated this matter against Comdata and chose to be a class representative, therefore any inconvenience to Mr. Batra is outweighed by the need for Comdata to defend against the claims posited by Universal Delaware and other plaintiffs.

At Mr. Singh's 30(b)(6) deposition, he indicated that Mr. Batra was his source of knowledge for the alleged *quid pro quo* agreement. Mr. Singh lacked knowledge of critical subjects including: the identities of Universal Delaware's shareholders; the identities of the prior owners of Gap Truck Stop; the identity of the entities from whom Universal Delaware's supplier purchased diesel fuel; how Universal Delaware's supplier determines the price it charges Universal Delaware for diesel fuel; the identities of those truck stops that compete with truck stops owned by Universal Delaware; the identities of trucking fleet customers of Gap Truck Stop that use the Comdata Card; whether cards of rival card issuers have enhanced data capture when routed over the Trendar point of sale device at Gap Truck Stop; the amount of the transaction fees that Universal Delaware

pays to Comdata and other card issuers; who bears the credit risk on Comdata card transactions at Gap Truck Stop; whether any trucking fleet customers of Universal Delaware carry more than one Trucker Fuel Card; the time frame for settlement on Trucker Fleet Card transactions besides those made with the Comdata card; and whether anyone at Universal Delaware has read Universal Delaware's merchant agreement with Comdata.  Mr. Singh's inability to respond as the 30(b)(6) witness to questions in these subject areas indicates to this Court that Mr. Batra's deposition should be taken.

Accordingly, Universal Delaware has not shown good cause to shield Mr. Batra from deposition, and its Motion for Entry of Protective Order is denied.  An appropriate Order follows.