

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCHBANKS TRUCK SERVICE, INC., *et al.*, on behalf of itself and all others similarly situated,

                Plaintiffs,

v.

COMDATA NETWORK, INC., d/b/a COMDATA CORPORATION, *et al.*,

                Defendants.

Civil Action No. 07-1078-JKG

Consolidated Case

FILED
MAR 17 2014
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## O R D E R

Upon review and consideration of Plaintiffs' Unopposed Motion for Class Certification in Light of Settlement, Appointment of Class Counsel, Approval of the Form and Manner of Notice to the Class and Setting the Final Settlement Schedule and Date for a Fairness Hearing (the "Motion"), which is unopposed, the Settlement Agreement and the exhibits thereto, and the Declaration of Eric L. Cramer, Esq. it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

### I. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Court has carefully reviewed the Settlement Agreement, records, and proceedings to date in this matter. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2. This Order addresses the settlement reached in all of the pending and prior actions that were consolidated in this Court under the caption *Marchbanks Truck Service, Inc., et al. v. Comdata Network, Inc., d/b/a Comdata Corporation, et al.*, Case No. 07-1078-JKG, including,

but not limited to, the matters identified in Paragraph 1.a. of the Settlement Agreement (hereinafter the "Actions").

3. The Parties have agreed to settle the Actions upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as sufficiently fair, reasonable, and adequate to authorize dissemination of the Class Notice described below. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation.

## II. THE SETTLEMENT CLASS, THE CLASS REPRESENTATIVES, AND PLAINTIFFS' CLASS COUNSEL

4. The Court certifies, for settlement purposes only, a class (the "Settlement Class"), consisting of all owners and operators of Truck Stops or other Retail Fueling Facilities with at least one physical location in the United States that paid Merchant Transaction Fees directly to Comdata on Comdata Proprietary Transactions and that were calculated based on a percentage of the face amount of the transaction during the Settlement Class Period with the exception of Mobile Fuelers, Wilco-Hess locations, the Pilot Defendants, the TA Defendants, and Love's and any of the parents, subsidiaries, affiliates, franchisees or employees of any of the Defendants. *See* Settlement Agreement, Section II.

5. The Court appoints plaintiffs Marchbanks Truck Service, Inc., d/b/a Bear Mountain Travel Stop, Gerald F. Krachey d/b/a Krachey's BP South, Walt Whitman Truck Stop, Inc., and Mahwah Fuel Stop ("Plaintiffs" or "Class Representatives") as representatives of the certified Settlement Class.

6.    The Court finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Final Judgment, and the occurrence of the Final Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this settlement, that the following requirements are met:

a.    **Numerosity: The class is so numerous that joinder of all members is impracticable.** Fed. R. Civ. P. 23(a)(1). In this case, there are thousands of geographically dispersed class members, making joinder of all members impracticable. *See* Corrected Expert Report of Dr. Jeffrey J. Leitzinger, ECF No. 558 (June 18, 2013) ¶ 21 (noting that the class contains at least 4,362 members). Although members of the Settlement Class are geographically dispersed, they are easily ascertainable from Comdata's electronic transactional sales data.

b.    **Commonality: There are questions of law or fact common to the class.** Fed. R. Civ. P. 23(a)(2). There are questions of law and fact common to the class which predominate over individual issues that are sufficient for settlement purposes, including:

    i.    whether the over-the-road ("OTR") Fleet Card market is a relevant market;

    ii.    whether Comdata possesses monopoly power in the OTR Fleet Card market;

    iii.    whether Comdata willfully acquired, maintained, or enhanced its monopoly power;

    iv.    whether Defendants conspired to bolster Comdata's monopoly power;

    v.    whether Comdata engaged in unlawful anticompetitive conduct to impair the opportunities of rivals in the OTR Fleet Card market;

    vi.    whether Comdata, with Ceridian's support and involvement, entered into agreements with the Major Chains that unreasonably restrained trade; and

    vii.    whether the allegedly unlawful agreements and conduct at issue caused the Settlement Class to pay supracompetitive transaction fees to Comdata.

    c. **Typicality: The claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class.** Fed. R. Civ. P. 23(a)(3). Under Rule 23(a)(3)'s "typicality" requirement, the Court must decide whether the interests of the class and the class representatives align so that the latter will work to benefit the entire class. Here, each of the Class Representatives accepted the Comdata OTR Fleet Card and each paid percentage transaction fees to Comdata during the Settlement Class Period. Each alleges that it, like all members of the Settlement Class, was injured and suffered damages by paying supracompetitive transaction fees to Comdata due to the conduct alleged in the case. All Class Representatives' claims involve the same elements the other Settlement Class members would have to prove if they brought individual actions. Thus, the claims of the Class Representatitves are typical of the claims of the members of the Settlement Class they seek to represent for purposes of settlement.

    d. **Adequacy: The plaintiffs will fairly and adequately protect the interests of the class.** Fed. R. Civ. P. 23(a)(4). For purposes of this settlement, the Class Representatives' interests are aligned with the interests of members of the Settlement Class; there is no class conflict. The Class Representatives and all members of the Settlement Class have the same financial incentive to prove they were overcharged due to the alleged anticompetitive conduct and to recover damages on the basis of that overcharge. Moreover, the Class Representatives have devoted significant time and effort in support of the prosecution of this Action and have been sufficiently engaged in the settlement process. Furthermore, Plaintiffs have retained counsel experienced in antitrust class action litigation, who have to date and will continue to adequately represent the Settlement Class. Plaintiffs' Class Counsel have devoted substantial time and resources to the case, including developing the factual basis of the claims, taking or defending more than 70 depositions, working with experts, filing numerous pleadings, and engaging in extensive motion practice. Plaintiffs' Class Counsel have significant experience in complex class action litigation, with particular expertise in antitrust litigation.

e. **Predominance: common questions of law and fact predominate over individual questions.** Fed. R. Civ. P. 23(b)(3). The "predominance" requirement of Rule 23(b)(3) does not demand unanimity of common questions, it requires that the common questions outweigh individual questions. Here, as it pertains to the settlement of this matter, the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual member of the Settlement Class.

f. **Superiority: a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.** Here, certification of a class for settlement purposes is more efficient than and superior to the separate litigation and settlement of thousands of individual claims, and thus satisfies the "superiority" requirement under Fed. R. Civ. P. 23(b)(3).

g. The Court finds that the settlement falls within the range of reasonableness because it includes a meaningful amount of cash ($130 million) in addition to valuable prospective relief, and also because the settlement has key indicia of fairness, in that: (1) the negotiations occurred at arm's length over a long period of time, involving an experienced private mediator as well as this Court; (2) there was extensive discovery; and (3) the proponents of the settlement are experienced in similar litigation. The Court further finds that there is a sufficient basis for notifying the Settlement Class of the proposed settlement, and for enjoining members of the Settlement Class from proceeding in any other action pending the conclusion of the Court determination of whether it should finally approve the settlement.

7. The Court appoints Eric L. Cramer and Andrew C. Curley of Berger & Montague, P.C., Eric B. Fastiff and Dean Harvey of Lieff Cabraser Heimann & Bernstein, LLP, and Stephen R. Neuwirth and Dale H. Oliver of Quinn Emanuel Urquhart & Sullivan, LLP as

Plaintiffs' Class Counsel to represent the Settlement Class pursuant to Fed. R. Civ. P. 23(g). Having considered, among other factors: (1) the work Plaintiffs' Class Counsel did in identifying or investigating potential claims; (2) Class Counsel's experience in handling class actions, other complex litigation, and similar claims; (3) Class Counsel's knowledge of the applicable law; and (4) the resources Class Counsel has, and will continue to, commit to representing the Settlement Class (Fed. R. Civ. P. 23(g)(1)(A)), the Court finds that these attorneys, whom this Court appointed to serve as interim Co-Lead Counsel on April 26, 2007 [Dkt. 12], are competent and capable of exercising their responsibilities as Plaintiffs' Class Counsel and have fairly and adequately represented the interests of the Settlement Class for purposes of these settlement approval proceedings.

### III. CLASS NOTICE AND SETTLEMENT ADMINISTRATION

8. The Court approves, as to form and content, the Class Notice, including the Long Form Notice, the Publication Notice, the Claim Form, and the Settlement Website. The Parties will provide notice to the Settlement Class as follows:

   a. Beginning not later than 28 days following the Court's entry of the Preliminary Approval Order (the Notice Date), the Settlement Administrator shall send the Long Form Notice substantially in the form attached to the Settlement Agreement as Exhibit "D", by U.S. first class mail, proper postage prepaid, to the last known address of those Settlement Class Members that can reasonably be identified (by merchant name and address) in Comdata's FMLog transaction database.

   b. Beginning not later than 28 days following the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall cause the publication of

the Publication Notice, substantially in the form attached to the Settlement Agreement as Exhibit "G", in such appropriate trade publications as are agreed to by the Parties.

      c.      The Court also approves the establishment of a website for the settlement as described in the Settlement Agreement, which shall include the Long Form Notice, sample Claim Forms, Orders of the Court relating to the settlement, and such other information as Defendants and Plaintiffs' Class Counsel mutually agree would inform the Settlement Class regarding the settlement.

9.      The Court finds that the Class Notice described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to all members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the Settlement Class members of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

10.     The Court hereby appoints Rust Consulting, Inc. as the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) printing, mailing, or arranging for the mailing of the Long Form Notices; (b) handling returned mail not delivered to members of the Settlement Class; (c)

arranging for the publication of the Publication Notice; (d) attempting to obtain updated address information for any Long Form Notices returned without a forwarding address; (e) responding to requests for Long Form Notice; (g) receiving and maintaining on behalf of the Court any Settlement Class member correspondence regarding requests for exclusion and/or objections to the settlement; (h) forwarding written inquiries to Plaintiffs' Class Counsel or their designee for a response, if warranted; (i) establishing a post-office box for the receipt of any correspondence; (j) responding to requests from Plaintiffs' Class Counsel; (k) establishing a website to which members of the Settlement Class may refer for information about the Actions and the settlement; (l) fulfilling any escheatment obligations that may arise; and (m) otherwise implementing and/or assisting with the dissemination of the Class Notice. The Settlement Administrator shall also be responsible for, without limitation, implementing the terms of the Claim Process and related administrative activities. The Court also appoints the economic consulting firm of Econ One, Inc., and its President, Dr. Jeffery J. Leitzinger, to assist Plaintiffs' Class Counsel and the Settlement Administrator in the Settlement Administration Process.

11. The Court preliminarily approves the Plan of Administration and Distribution for the purposes of summarizing it in the Class Notice and Claim Form. The Court also approves the Claim Form substantially in the form attached to the Settlement Agreement as Exhibit "A".

12. Settlement Administration Costs shall be paid from the Aggregate Settlement Fund as provided for in the Settlement Agreement.

IV. **REQUESTS FOR EXCLUSION**

13. Each member of the Settlement Class who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be deemed an Opt-Out. Members of the Settlement Class who wish to opt out of the settlement must send a letter

substantially in the form specified in the Settlement Agreement and Class Notice to the Settlement Administrator postmarked no later than May 27, 2014. Any request for exclusion must contain the following information: name of the entity that is the member of the Settlement Class, contact person, address, telephone number, a statement that the member of the Settlement Class wants to be excluded from the settlement in *Marchbanks, et al. v. Comdata Network, Inc. d/b/a Comdata Corporation, et al.*, and the case number: No. 07-1078. Entities eligible for inclusion in the Settlement Class may elect to opt out of the settlement, relinquishing their rights to benefits hereunder; provided, however, that any such entity that owns or operates multiple Truck Stop or Retail Fueling Facility locations must opt out all such locations from the Settlement Class.

14. The date of the postmark on the return mailing envelope containing any opt out letter shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

15. All Opt-Outs shall not be Settlement Class Members, shall not be bound by the Settlement Agreement or the Final Order and Final Judgment, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be approved, and may not submit a Claim Form or file an objection to any aspect of the proposed settlement.

16. Any member of the Settlement Class, who does not become an Opt-Out, shall be bound by all the terms and provisions of the Settlement Agreement and the Final Order and Final Judgment, whether or not such Settlement Class Member also objected to the settlement and/or submitted a Claim Form.

17. The Settlement Administrator shall provide copies of any requests for exclusion to Plaintiffs' Class Counsel as provided in the Settlement Agreement.

## V. OBJECTIONS

18. Any Settlement Class Members who wish to object to any aspect of the proposed settlement, must on or before May 27, 2014, (a) deliver to the Settlement Administrator by fax, e-mail, or U.S. Mail and (b) file with the Clerk of Court at the address listed below a written statement of his/her/its objection and any supporting brief. The objection must contain proof that the Objector is a Settlement Class Member.

19. No Settlement Class Member or counsel hired at the Settlement Class Member's own expense shall be entitled to be heard at the Fairness Hearing unless the Objector or its attorneys, who intend to make an appearance at the Fairness Hearing, file a "Notice of Intent to Appear in *Marchbanks, et al. v. Comdata Network, Inc. d/b/a Comdata Corporation, et al.*, with the Clerk of the Court on or before May 27, 2014 and delivers the same to the Settlement Administrator so that it is received on or before that same date.

20. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

## VI. FAIRNESS HEARING

21. The Fairness Hearing shall be held before this Court on July 14, 2014, at 9:30 o'clock a.m., to determine whether the Settlement Agreement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Plaintiffs' Class Counsel's application for any Attorneys' Fee Award, any Reimbursement for Costs and Expenses, and any Plaintiffs' Service Award (the "Fee, Service Award, and Expense Request") at or after that time. Papers in support of final approval of the Settlement Agreement and the Fee, Service Award, and

Expense Request shall be filed with the Court according to the schedule set forth below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

22. Plaintiffs' Class Counsel shall file their Fee, Service Award, and Expense Request on or before May 5, 2014.

23. The motion for final approval of the Settlement Agreement and any papers Plaintiffs or Defendants wish to submit in support of final approval of the Settlement Agreement shall be filed with the Court on or before June 16, 2014.

### VII. STAY OF LITIGATION

24. Pending the Fairness Hearing and the Final Effective Date, no Releasing Party shall commence, continue or prosecute any Released Claim against any of the Releasees (as those terms are defined in the Settlement Agreement) in any court or tribunal. Pursuant to 28 U.S.C. § 1651(a) and § 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon the Final Effective Date, all Settlement Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement against any of the Releasees, and any such Settlement Class Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

### VIII. CLASS SETTLEMENT FUND

25. The Court appoints Huntington National Bank as Escrow Agent.

Expense Request shall be filed with the Court according to the schedule set forth below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

22. Plaintiffs' Class Counsel shall file their Fee, Service Award, and Expense Request on or before May 5, 2014.

23. The motion for final approval of the Settlement Agreement and any papers Plaintiffs or Defendants wish to submit in support of final approval of the Settlement Agreement shall be filed with the Court on or before June 16, 2014.

### VII. STAY OF LITIGATION

24. Pending the Fairness Hearing and the Final Effective Date, no Releasing Party shall commence, continue or prosecute any Released Claim against any of the Releasees (as those terms are defined in the Settlement Agreement) in any court or tribunal. Pursuant to 28 U.S.C. § 1651(a) and § 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon the Final Effective Date, all Settlement Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement against any of the Releasees, and any such Settlement Class Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

### VIII. CLASS SETTLEMENT FUND

25. The Court appoints Huntington National Bank as Escrow Agent.

26. The Court finds that the Escrow Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a. The Escrow Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

    b. The Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    c. The assets of the Escrow Account are to be segregated from other assets of Defendants, the transferor of the payment to the Aggregate Settlement Fund, and controlled by an Escrow Agreement.

27. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Defendants and the Settlement Administrator may jointly elect to treat the Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Escrow Account meets the requirements of Paragraphs 24 (b) and (c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 24 of this Order are met. If such a relation-back election is made, the assets held in the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

## IX. OTHER PROVISIONS

28. In summary, the relevant dates for the settlement approval process are as follows:

    a. The Long Form Notice required to be sent by mail to the Settlement Class per the Settlement Agreement shall be mailed beginning on or before April 14, 2014;

b.      The Publication Notice required to be published per the Settlement Agreement shall be published beginning on or before April 14, 2014;

c.      The Claim Form for each member of the Settlement Class shall be mailed to the members of the Settlement Class along with the Long Form Notice beginning on or before April 14, 2014;

d.      Entities who desire to be excluded shall mail requests for exclusion postmarked no later than May 27, 2014 to the Settlement Administrator;

e.      All objections to the Settlement Agreement and written notices of the Objector's or his/her/its counsel's intention to appear at the Fairness Hearing shall be filed and served so that they are received by the Settlement Administrator and filed with the Court no later than May 27, 2014;

f.      All completed Claim Forms must be submitted by Settlement Class Members on or before June 5, 2014;

g.      Plaintiffs' Class Counsel shall file their Fee, Service Award, and Expense Request on or before May 5, 2014;

h.      Papers in support of final approval of the Settlement Agreement and any supplemental papers in support of the Fee, Service Award, and Expense Request shall be filed with the Court on or before June 16, 2014;

i.      The Fairness Hearing shall be held on July 14, 2014, at 9:30 o'clock a.m. before this Court, at the United States District Court, Eastern District of Pennsylvania, 504 Hamilton Street, Allentown, PA 18101-1514.

29.     These dates may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be

posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

30. In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Final Effective Date does not occur for any reason, then the following shall apply:

   a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

   b. The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified and such findings had never been made;

   c. Nothing contained in this Order is to be construed as a presumption, concession or admission by or against the Defendants or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Actions, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Actions as a class action;

   d. Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case,

including, but not limited to, motions or proceedings seeking treatment of the Actions as a class action; and

e.  All of the Court's prior Orders having nothing whatsoever to do with Settlement Class certification shall, subject to this Order, remain in force and effect.

31.  Plaintiffs' Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary, and which do not limit the rights of members of the Settlement Class under the Settlement Agreement.

32.  This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

IT IS SO ORDERED, this 17th day of March, 2014.

_____
THE HONORABLE JAMES KNOLL GARDNER
UNITED STATES DISTRICT COURT JUDGE