

ϿᏦᏏ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MARCHBANKS TRUCK SERVICE, INC.,** *et al.***, on behalf of themselves and all others similarly situated,**

               **Plaintiffs,**

v.

**COMDATA NETWORK, INC.,** *et al.***,**

               **Defendants.**

**Civil Action No. 07-1078-JKG**

**Consolidated Case**

**FILED**

JUL 1 4 2014

MICHAEL E. KUNZ, Clerk
By_____(M) Dep. Clerk

## ORDER FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF SERVICE AWARDS TO THE CLASS REPRESENTATIVES

WHEREAS, the Court, having considered: (a) Plaintiffs' Motion for Final Settlement Approval and supporting documents; (b) the Plan of Allocation and Distribution; (c) the Definitive Master Settlement Agreement, dated March 3, 2014, between and among the Plaintiffs, Plaintiffs' Class Counsel, and all Defendants (the "Settlement Agreement"); (d) the Court's March 17, 2014 Preliminary Approval Order (Dkt. No. 705); (e) Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to the Class Representatives and supporting memorandum and exhibits; and, (f) any supplemental submissions in support thereof, having held a Fairness Hearing on July 14, 2014, and having considered all of the submissions and arguments with respect to the Settlement,[1] and otherwise being fully informed, and good cause appearing therefore;

7-14-14   mailed + e-mailed

---

[1] Certain capitalized terms used in this Order are defined in Section I of the Settlement Agreement.

IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Court has entered a separate order finally approving the Settlement Agreement, finding, among other things, that the Settlement Agreement was the result of extensive *bona fide* arm's-length good faith negotiations, is in all respects fair, reasonable, and adequate, is in the best interest of the Settlement Class, is within a range that responsible and experienced attorneys could accept considering all relevant risks and factors, and is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

2.    Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses from the Aggregate Settlement Fund.  Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), and *In re Prudential Ins. Co. of American Sales Practices Litig.*, 148 F.3d 283, 340 (3d Cir. 1998), this Court makes the following findings of fact and conclusions of law:

(a)    the Settlement confers an immediate monetary benefit to the Settlement Class of $130 million that is substantial, both in absolute terms, and when assessed in light of the risks of establishing liability and damages in this case;

(b)    the Settlement also contains valuable prospective relief in the form of, among other things, (i) meaningful and enforceable commitments by Comdata to modify or not to enforce portions of Comdata's merchant services agreements with Settlement Class Members and the Major Chains that Plaintiffs had challenged in this case as being anticompetitive, and (ii) an agreement by Comdata to engage in a good faith negotiations relating to, *inter alia*, merchant

2

transaction fees with certain truck stop Buying Groups that are, collectively, composed of hundreds of members of the Settlement Class;

(c)     Settlement Class Members were advised of Class Counsel's intention to seek attorneys' fees of one-third of only the cash value of the Settlement Fund, litigation costs of up to $7.5 million and service awards totaling $315,000 ($150,000 for Marchbanks Truck Service, Inc. d/b/a Bear Mountain Travel Stop ("Marchbanks Truck Service"), $75,000 for Gerald F. Krachey d/b/a Krachey's BP South ("Krachey"), $75,000 for Walt Whitman Truck Stop, Inc. ("Walt Whitman"), and $15,000 for Mahwah Fuel Stop ("Mahwah")) in the Long Form Notice, approved by this Court and mailed by the Settlement Administrator to Settlement Class members by the April 14, 2014 deadline established by the Court.     Additionally, Settlement Class Members were informed about the fee, costs and service award requests through the Court approved Publication Notice, which was published in the May 2014 issue of NACS (National Association for Convenience and Fuel Retailing) Magazine and NATSO's e-newsletters for the weeks of April 14 through May 5, 2014, and which publications directed Settlement Class Members to the settlement website (www.truckstopantitrustsettlement.com) established by the Settlement Administrator that was launched on April 14, 2014. The settlement website contains copies of, *inter alia*, the Settlement Agreement and the Long Form Notice, both of which notify Settlement Class Members of the fee, costs, and service award requests.

(d)     Class Counsel filed a motion for an award of attorneys' fees in the amount of one third of the Aggregate Settlement Fund ($43,333,333) plus interest earned on that amount since the Aggregate Settlement Fund was created, as well as reimbursement of reasonable costs and expenses incurred in the prosecution of this action of $6,696,856.98. Plaintiffs' motion papers have been publicly available since May 5, 2014, on the docket of this

3

action and on the settlement website;

(e)     Representatives of four major Independent Truck Stop Buying Groups, collectively representing hundreds of Settlement Class Members, submitted declarations expressing affirmative support for the fee request, the request for reimbursement of expenses, and the requested service awards;

(f)     Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Settlement Class for seven years, with no guarantee they would be compensated for their time or reimbursed for their out-of-pocket costs;

(g)     Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(h)     Class Counsel have reasonably expended 85,907.47 hours prosecuting this complex, contingent litigation over the past seven years, resulting in a total lodestar of $49,785.073.74, and reasonably incurred $6,696,856.98 in out-of-pocket expenses, in prosecuting this action, with no guarantee of recovery;

(i)     the Settlement achieved for the benefit of the Settlement Class was obtained as a direct result of Class Counsel's skillful advocacy;

(j)     the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

(k)     the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g.*, *In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

(l)     fee awards of one-third of the settlement amount are commonly awarded in this Circuit, while here Class Counsel seek only a fee of one-third of the cash value of the

4

Settlement, even though the Settlement has valuable prospective relief;

(m)     as detailed in Class Counsel's declarations, a fee of one-third of the cash competent of the Settlement would equate to less than Class Counsel's total lodestar and thus result in a multiplier below 1, and therefore no risk premium whatsoever;

(n)     Plaintiffs' expert economist, Dr. Hal J. Singer, submitted a Declaration to this Court dated March 4, 2014, detailing an economic analysis of the portion of the prospective relief relating to the enforceable changes in Comdata's merchant services agreements, and valuing that relief at between $260 million and $491 million. Plaintiffs' expert economist has, therefore, opined that the total value of the Settlement to the Settlement Class is between $390 million and $621 million. Thus, if Dr. Singer is correct, the fee Class Counsel is seeking is, at most, slightly more than 11% of the total value of the Settlement;

(o)     in light of the factors and findings described above, the requested fee award is within the applicable range of reasonable percentage of the fund awards.

3. Accordingly, Class Counsel are hereby awarded attorneys' fees to be paid from the Aggregate Settlement Fund in the amount of $43,333,333 plus interest in the amount of $19,674, which represents the interest earned on that amount since the Aggregate Settlement Fund was created. The Court finds this award to be fair and reasonable.

4. Further Class Counsel are hereby awarded $6,696,856.98 out of the Aggregate Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair and reasonably incurred to achieve the benefits to the Settlement Class obtained in the Settlement. The awarded fees and expenses shall be paid to Class Counsel from the Aggregate Settlement Fund in accordance with the terms of the Settlement Agreement.

5

5. Plaintiffs' Co-Lead Class Counsel[2] shall allocate the fees and expenses among all of Class Counsel in a manner that Plaintiffs' Co-Lead Class Counsel in good faith believes reflects the contributions of each firm working for Plaintiffs and the Settlement Class in the prosecution and settlement of the claims against Defendants in this action.

6. Plaintiffs have requested that the Court approve Class Representatives receiving service awards from the Aggregate Settlement Fund of $150,000 for Marchbanks Truck Service, $75,000 Krachey, $75,000 for Walt Whitman, and $15,000 for Mahwah. In the Third Circuit, service awards may be paid to class representatives to reward efforts that benefit the class. This Court makes the following findings of fact and conclusions of law regarding each of the Class Representatives' service to the Settlement Class in this litigation:

a. Marchbanks Truck Service: (a) through its owner, William Patrick "Pat" Marchbanks, was one of the driving forces behind this lawsuit being filed and prosecuted; (b) submitted its employees, including Mr. Marchbanks twice, to three depositions, requiring many hours of preparation and travel time; (c) dedicated hundreds of hours, mostly by Mr. Marchbanks (i) assisting Class Counsel in the investigation and development of an initial complaint, (ii) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) traveling to and attending multiple Court hearings, settlement conferences, and mediations, (iv) responding to numerous document requests and interrogatories, (v) producing documents, and (vi) interfacing with Settlement Class members and representatives of the Buying Groups.

b. Krachey: (a) submitted its employee, Douglas Krachey, to two depositions, requiring several hours of preparation and travel time; (b) dedicated numerous hours (i) assisting Class Counsel in the investigation and development of an initial complaint, (ii)

---

[2] Plaintiffs' Co-Lead Class Counsel are Berger & Montague, P.C., Lieff, Cabraser, Heimann & Bernstein, LLP and Quinn Emanuel Urquhart & Sullivan, LLP. *See* Preliminary Approval Order at ¶ 7 (Dkt. 705).

overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) responding to numerous document requests and interrogatories, and (iv) producing documents.

      c.  Walt Whitman: (a) diligently represented the interest of the Settlement Class despite having been out of business since before the first complaint was filed and thus having its damages capped at pre-complaint overcharges; (b) submitted David Silverman to two depositions—requiring several hours of preparation and travel time—even though Walt Whitman did not operate as a truck stop between the two depositions; (c) dedicated time (i) assisting Class Counsel in the investigation and development of an initial complaint, (ii) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) responding to numerous document requests and interrogatories, and (iv) producing documents.

      d.  Mahwah: (a) submitted an employee for a deposition, requiring several hours of preparation and travel time; (b) dedicated numerous hours (i) assisting Class Counsel in the investigation and development of an initial complaint, (ii) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) responding to numerous document requests and interrogatories, and (iv) producing documents.

7

7. In recognition of the above facts regarding the service of the Class Representatives to the Settlement Class, the Class Representatives are hereby awarded service awards in the following amounts as requested by Class Counsel: $150,000 for Marchbanks Truck Service, Inc. d/b/a Bear Mountain Travel Stop, $75,000 for Gerald F. Krachey d/b/a Krachey's BP South, $75,000 for Walt Whitman Truck Stop, Inc., and $15,000 for Mahwah Fuel Stop out of the Aggregate Settlement Fund. The Court finds these awards to be fair and reasonable. These awards are in addition to whatever monetary amounts the Class Representatives may be receiving from the Aggregate Settlement Fund pursuant to the Plan of Distribution.

SO ORDERED this the 14th day of July, 2014.

Hon. James Knoll Gardner
U.S. District Court
Eastern District of Pennsylvania